| | | |
|---|---|---|
| ELLIS MATTHEWS<br>1152 Medgar Evers Street<br>Annapolis, Maryland 21403 | * | IN THE |
| | * | CIRCUIT COURT |
| Plaintiff | * | FOR |
| v. | * | ANNE ARUNDEL COUNTY |
| HECTOR E. CABRALES<br>1000 Madison Street, Apartment 6A<br>Annapolis, Maryland 21403 | *<br>* | CASE NO. |
| And | * | |
| DALE CLARK<br>4709 Blagden Avenue, NE<br>Washington, DC 20011 | *<br>* | |
| And | * | |
| HOME DEPOT, U.S.A., INC.<br>901 Rhode Island Avenue<br>Washington, DC 20018<br>Serve On:  Registered Agent -<br>Corporation Service Company<br>1090 Vermont Avenue, NW<br>Washington, DC 20005 | *<br>*<br>*<br>* | |
| And | * | |
| PENSKE TRUCK LEASING CORPORATION<br>2675 Morgantown Road<br>Reading, Pennsylvania 19607<br>SERVE ON:  Resident Agent<br>Corporation Service Company<br>1090  Vermont Avenue, NW<br>Washington, DC 20005 | *<br>*<br>*<br>* | |
| Defendants | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Now comes the Plaintiff, Ellis Matthews by counsel, Mark Rosasco and Hyatt &

Weber P.A., and files suit against Hector E. Cabrales, Dale Clark, Home Depot, U.S.A.,

1

Inc. and Penske Truck Leasing Corporation and for reasons states:

## INTRODUCTION

1. Plaintiff Ellis Matthews (hereinafter referred to as "Plaintiff") is a resident of Anne Arundel County, Maryland.

2. Upon information and belief Defendant Hector E. Cabrales (hereinafter referred to as "Defendant Cabrales") is a resident of Anne Arundel County, Maryland.

3. Upon information and belief the vehicle the Defendant Cabrales was operating at the time of the occurrence was leased by Defendant Dale Clark (hereinafter referred to as "Defendant Clark") who is a resident of Washington, D.C.

4. Upon information and belief Defendant Cabrales was employed by Defendant Clark at the time of the occurrence.

5. At the time of the occurrence the vehicle operated by Defendant Cabrales was owned by Home Depot, U.S.A., Inc. Home Depot, U.S.A., Inc. does business in Anne Arundel County, Maryland.

6. In the alternative the vehicle operated by Defendant Cabrales was owned by Penske Truck Leasing Corporation. Penske Truck Leasing Corporation does business in Anne Arundel County, Maryland.

7. On or about August 28, 2023 Defendant Cabrales was operating a truck rented by Defendant Clark from Home Depot and/or Penske Truck Leasing Corporation. At the same time Plaintiff was traveling in the vehicle as a passenger.

8. Defendant Cabrales and Plaintiff were traveling on 13th Street, NW Washington, DC when the vehicle Defendant Cabrales was operating collided with a parked vehicle in the vicinity of 5528 13th Street, NW, Washington, DC 20011.

2

## COUNT I – NEGLIGENCE HECTOR E. CABRALES

9. Plaintiff adopts by reference the allegations and averments contained in the preceding paragraphs with the same effect as if herein fully set forth.

10. Defendant Cabrales operated his vehicle in a negligent manner in that he:

    a. Failed to yield the right-of-way to the vehicle he collided with;

    b. Failed to reduce speed in time to avoid a collision;

    c. Failed to maintain proper and adequate control of his motor vehicle;

    d. Failed to keep a proper lookout for other vehicles lawfully upon the roadway as to his perspective course of travel;

    e. Failed to steer his motor vehicle in a manner and in time to avoid a collision;

    f. Failed to observe due care and precaution for the safety of other vehicles and their occupants;

    g. Operated, managed and controlled his motor vehicle in a careless and dangerous manner under the circumstances then and there existing; and

    h. and in all other respects Defendant Cabrales was negligent.

11. Defendant Cabrales owed Plaintiff a duty of care to operate his vehicle in a proper fashion, and breached this duty of care by failing to operate his vehicle in a safe and proper manner.

12. Defendant Cabrales' negligence proximately caused Plaintiff to suffer serious permanent injuries and to suffer great mental anguish.

13. That as a further result of the negligence of the Defendant Cabrales the Plaintiff was caused to incur indebtedness to doctors, x-ray technicians and other medical specialists, for treatment of his injuries.

3

14. That all of the foregoing injuries, damages and losses were the result of the carelessness, recklessness and negligence of the Defendant Cabrales and were not, in any way, attributable to Plaintiff, who not in any way negligent or contributorily negligent either directly or indirectly.

WHEREFORE, Plaintiff Ellis Matthews brings this suit against the Defendant Hector E. Cabrales, and demands an amount greater than Seventy-Five Thousand ($75,000.00) Dollars, plus costs.

## COUNT II – RESPONDEAT SUPERIOR, AGENCY, EMPLOYER/EMPLOYEE DALE CLARK

15. Plaintiff adopts by reference the allegations and averments contained in the preceding paragraphs with the same effect as if herein fully set forth.

16. At the time of the occurrence which is the subject of this action, Defendant Cabrales was employed by Dale Clark and Defendant Cabrales was acting within the scope of his duties.

17. That pursuant to the legal theory of *respondeat superior* including employer/employee and agency Defendant Clark is liable for the negligent acts that its employee Defendant Cabrales committed while within the scope of his employment.

18. That as a direct and proximate result of the negligence that the employee of Defendant Clark committed within the scope of employment Plaintiff suffered compensable damages as delineated above.

19. Plaintiff was not contributorily negligent and did not assume the risk.

WHEREFORE, Plaintiff Ellis Matthews brings this suit against the Defendant, Dale Clark and demands an amount greater than Seventy-Five Thousand ($75,000.00) Dollars, plus

4

costs.

## COUNT III – RESPONDEAT SUPERIOR AGENCY, EMPOYER/EMPLOYEE
## HOME DEPOT U.S.A., INC.

20.     Plaintiff adopts by reference the allegations and averments contained in the preceding paragraphs with the same effect as if herein fully set forth.

21.     Upon information and belief, at the time of the occurrence, Defendant Cabrales was operating a vehicle owned by Home Depot U.S.A., Inc.

22.     There is a presumption of negligence for Defendant Cabrales back to the vehicle owner Defendant Home Depot U.S.A., Inc.

23.     That as a direct and proximate result of the negligence of Defendant Cabrales such negligence is imputed to the vehicle owner Defendant Home Depot U.S.A., Inc.

24.     That as a direct and proximate result of the negligence of Defendant Cabrales Plaintiff suffered compensable damages as delineated above.

25.     Plaintiff was not contributorily negligent and did not assume the risk.

WHEREFORE, Plaintiff Ellis Matthews brings this suit against the Defendant, Home Depot U.S.A., Inc. and demands an amount greater than Seventy-Five Thousand ($75,000.00) Dollars, plus costs.

## COUNT IV – RESPONDEAT SUPERIOR AGENCY, EMPOYER/EMPLOYEE
## PENSKE TRUCK LEASING CORPORATION

26.     Plaintiff adopts by reference the allegations and averments contained in the preceding paragraphs with the same effect as if herein fully set forth.

27.     Upon information and belief, at the time of the occurrence, Defendant Cabrales

5

was operating a vehicle owned by Penske Truck Leasing Corporation.

28. There is a presumption of negligence for Defendant Cabrales back to the vehicle owner Defendant Penske Truck Leasing Corporation.

29. That as a direct and proximate result of the negligence of Defendant Cabrales such negligence is imputed to the vehicle owner Defendant Penske Truck Leasing Corporation.

30. That as a direct and proximate result of the negligence of Defendant Cabrales Plaintiff suffered compensable damages as delineated above.

31. Plaintiff was not contributorily negligent and did not assume the risk.

WHEREFORE, Plaintiff Ellis Matthews brings this suit against the Defendant, Penske Truck Leasing Corporation and demands an amount greater than Seventy-Five Thousand ($75,000.00) Dollars, plus costs.

Respectfully submitted,

/s/ Mark Rosasco

Mark Rosasco (AIS #9006280217)
HYATT & WEBER, P.A.
200 Westgate Circle, Suite 500
Annapolis, Maryland 21401
Telephone:   (410) 266-0626
Facsimile:   (410) 841-5065
Email:       mrosasco@hwlaw.com
*Attorney for Plaintiff*

6

| | | |
|---|---|---|
| ELLIS MATTHEWS<br>1152 Medgar Evers Street<br>Annapolis, Maryland 21403 | * | IN THE |
| | * | CIRCUIT COURT |
| Plaintiff | * | FOR |
| v. | * | ANNE ARUNDEL COUNTY |
| HECTOR E. CABRALES<br>1000 Madison Street, Apartment 6A<br>Annapolis, Maryland 21403 | *<br>* | CASE NO. |
| And | * | |
| DALE CLARK<br>4709 Blagden Avenue, NE<br>Washington, DC 20011 | *<br>* | |
| And | * | |
| HOME DEPOT, U.S.A., INC.<br>901 Rhode Island Avenue<br>Washington, DC 20018<br>Serve On:  Registered Agent -<br>Corporation Service Company<br>1090 Vermont Avenue, NW<br>Washington, DC 20005 | *<br>*<br>*<br>* | |
| And | * | |
| PENSKE TRUCK LEASING CORPORATION<br>2675 Morgantown Road<br>Reading, Pennsylvania 19607<br>SERVE ON:  Resident Agent<br>Corporation Service Company<br>1090  Vermont Avenue, NW<br>Washington, DC 20005 | *<br>*<br>*<br>* | |
| Defendants | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **PRAYER FOR JURY TRIAL**

The Plaintiff, Ellis Matthews prays for a trial by jury in the above-captioned case.

Respectfully submitted,

Mark Rosasco (AIS #9006280217)
HYATT & WEBER, P.A.
200 Westgate Circle, Suite 500
Annapolis, Maryland 21401
Telephone:   (410) 266-0626
Facsimile:   (410) 841-5065
Email:       mrosasco@hwlaw.com
*Attorney for Plaintiff*